UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BARBARA OPPEWALL, as the
Personal Representative of the Estate of
BENJAMIN BLOSTEIN,

   Plaintiff,

v.

JASON LEE,
MARK MCHALPINE,
ERIC DROPIEWSKI,
JOHN RICHARDSON,
FARRIS, and
OAKLAND COUNTY JAIL, et al.,

   Defendants.

Case No. 2:24-cv-12753
Hon.

_____

MARKO LAW, PLLC
JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529
michael@markolaw.com

_____

# COMPLAINT

  NOW COMES Plaintiff, BARBARA OPPEWALL, as Personal Representative of the ESTATE OF BENJAMIN BLOSTEIN, by and through her

1
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Oppewall v. Lee, et. al*   Michael L. Jones, Esq.
Case No.: 2:24-cv-12753   Jon R. Marko, Esq.

attorneys at MARKO LAW, PLLC, and for her Complaint and Demand for Jury Trial now states:

## **JURISDICTION**

1. Plaintiff brings her claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

2. Plaintiff asserts claims under the Fourteenth Amendment against Oakland County and its officers.

3. Plaintiff alleges Defendants acted deliberately and recklessly in the face of an unjustifiably high risk of harm that was either known or so obvious it should have been known.

4. On March 1, 2024, Benjamin Blostein committed suicide in Oakland County Jail while the deputy on shift purposefully ignored pleas for help.

5. This Court has subject matter jurisdiction over the federal claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1343.

6. Plaintiff seeks damages and declaratory relief to enforce federal rights under 42 U.S.C. § 1983.

7. Plaintiff seeks reasonable costs and attorney fees under 42 U.S.C. §§ 1988 and 12205.

8. This Court has jurisdiction to issue declarator and other relief under 28 U.S.C. §§ 2201 and 2202.

## VENUE

9. Venue is proper in the Southern Division of the Eastern District Court of Michigan pursuant to 28 U.S.C. § 1391(b) because the events giving rise to this action occurred in Pontiac, Michigan.

## PARTIES

10. Defendant OAKLAND COUNTY JAIL is located at 1201 North Telegraph Road, Pontiac, Michigan in Oakland County. The 2nd Floor of the jail is a maximum-security facility and has general inmate population housing of approximately 440 inmates.

11. Defendant JASON LEE acted under color of state law when he acted or purported to act in performance of official duties under state and county law. Defendant Lee was an Oakland County Deputy on shift during the incident. His failure to act deprived Plaintiff's decedent of particular rights under the Fourteenth Amendment of the United States Constitution. His conduct was the actual cause of

3
PLAINTIFF'S COMPLAINT FOR DAMAGES

*Oppewall v. Lee, et. al*     Michael L. Jones, Esq.
Case No.: 2:24-cv-12753     Jon R. Marko, Esq.

the claimed injury. Upon information and belief, Defendant Jason Lee is a resident within this jurisdiction. He is sued in his individual capacity.

12. Defendant JOHN RICHARDSON acted under color of state law when he acted or purported to act in performance of official duties under state and county law. Defendant Richardson was an Oakland County Deputy on shift during the incident. His failure to act deprived Plaintiff's decedent of particular rights under the Fourteenth Amendment of the United States Constitution. His conduct was the actual cause of the claimed injury. Upon information and belief, Defendant Richardson is a resident within this jurisdiction. He is sued in his individual capacity.

13. Defendant MARK MCHALPINE acted under color of state law when he acted or purported to act in performance of official duties under state and county law. Defendant McHalpine was an Oakland County Deputy on shift during the incident. His failure to act deprived Plaintiff's decedent of particular rights under the Fourteenth Amendment of the United States Constitution. His conduct was the actual cause of the claimed injury. Upon information and belief, Defendant McHalpine is a resident within this jurisdiction. He is sued in his individual capacity.

14. Defendant ERIC DROPIEWSKI acted under color of state law when he acted or purported to act in performance of official duties under state and county law. Defendant Dropiewski was an Oakland County Deputy on shift during the

4
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Oppewall v. Lee, et. al*     Michael L. Jones, Esq.
Case No.: 2:24-cv-12753     Jon R. Marko, Esq.

incident. His failure to act deprived Plaintiff's decedent of particular rights under the Fourteenth Amendment of the United States Constitution. His conduct was the actual cause of the claimed injury. Upon information and belief, Defendant Dropiewski is a resident within this jurisdiction. He is sued in his individual capacity.

15. Defendant FARRIS acted under color of state law when he acted or purported to act in performance of official duties under state and county law. Defendant Farris was an Oakland County Deputy on shift during the incident. His failure to act deprived Plaintiff's decedent of particular rights under the Fourteenth Amendment of the United States Constitution. His conduct was the actual cause of the claimed injury. Upon information and belief, Defendant Farris is a resident within this jurisdiction. He is sued in his individual capacity.

16. Benjamin Blostein (hereinafter "Ben), deceased, was an inmate housed in cell B305.

17. Plaintiff Barbara Oppewall was appointed and qualified as the personal representative of the estate of Benjamin Blostein on March 29, 2024. (Oakland County Probate Court; File No. 2024-419,516-DE) Ms. Oppewall was a United States citizen and Michigan resident in Oakland County.

## STATEMENT OF FACTS

18. Plaintiff adopts and incorporates by reference each and every allegation set forth in each preceding paragraph as though fully set forth herein.

19. On or about January 9, Oakland County jail took custody and control of Ben.

20. Oakland County imprisoned Ben in a single cell (B-305) with little to no contact with other people.

21. Research shows solitary confinement has a profound negative psychological, physical, and neurological effect on those who experience it.

22. On Friday, February 2, 2024, Oakland County Jail revoked SJM, photos, visits and phone privileges from Ben.

23. On February Wednesday, February 21, 2024, Ben told Oakland County Jail he was starving. In response, Oakland County cancelled his walk for the day.

24. On Friday, February 23, 2024, Oakland County disabled Ben's postal mail because his mom wrote him a letter.

25. On Friday, March 1, 2024, around 2:35 p.m., Defendant Farris conducted a cell shakedown in B-3.

26. Oakland County alleged finding a screw in Ben's cell, a major infraction.

27. Oakland County warned deputies to use caution when interacting with Ben.

28. About an hour later, Oakland County gave Ben a food tray with mouse excrement on it.

29. Immediately, Ben yelled he was ready to checkout and hang himself.

30. The inmates housed in the B-block heard Ben's plea for help and immediately began banging on the wall.

31. The inmates banged on the wall for about 20-30 minutes.

32. The inmates banged on the wall in the past to signal an emergency to the deputies.

33. Defendants Lee, McHalpine, Dropiewski, Richardson, and Farris could hear the inmates banging because in the past, deputies responded to the banging.

34. Defendants Lee, McHalpine, Dropiewski, Richardson, and Farris failed to take reasonable available measures to abate or reduce the risk of serious harm, even though reasonable officers under the circumstances would have understood the high degree of risk involved – making the consequences of the Defendants' conduct obvious.

35. Defendants made an intentional decision regarding the conditions under which Ben was confined.

36. The conditions of confinement put Ben at substantial risk of suffering serious harm.

37. Defendants made an intentional decision regarding the denial of needed medical care.

38. The denial of medical care put Ben at substantial risk of suffering serious harm.

39. By not taking any measures, Defendants caused Ben's injuries.

40. On March 1, 2024, Ben hung himself with an Oakland County bedsheet.

41. Around 4:15 p.m., Defendant Lee found Ben dead, hanging from his cell wall while collecting trays after meal.

## CAUSES OF ACTION

### Count I
### *Monell Claim*

42. Plaintiff adopts and incorporates by reference each and every allegation set forth in each preceding paragraph as though fully set forth herein.

43. Pursuant to 42 U.S.C. § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant owed Ben certain duties to properly supervise, monitor and train its officers and staff so as to monitor and

8
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Oppewall v. Lee, et. al*     Michael L. Jones, Esq.
Case No.: 2:24-cv-12753     Jon R. Marko, Esq.

supervise the jail's prisoners so that they would detect serious medical emergencies and facilitate prompt and immediate medical attention and/or transport to a hospital ER.

44. Defendant, in its representative and official capacity, maintained a custom and policy of improper training and supervision of its jail employees.

45. Defendant is not protected by governmental immunity when following a policy that deprives individuals of their constitutional rights. *Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690-91, 692 (1978).

46. Upon information and belief, Defendant had a policy in effect at the time of Ben's death requiring employees to check on inmates every 30 minutes.

47. Upon information and belief, Defendants failed to respond to the inmates banging on the walls because policy only mandated 30-minute checks.

48. Had Defendants responded to the inmates' pleas for help, Ben would not have died.

49. Defendants could have intervened to avoid the suicide or performed life saving measures sooner.

50. Defendant owed Mr. Blostein the following duties and obligations:

    a. To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983

9
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Oppewall v. Lee, et. al*      Michael L. Jones, Esq.
Case No.: 2:24-cv-12753      Jon R. Marko, Esq.

regarding the incarceration of prisoners and the supervision of prisoners, especially those who are mentally and emotionally and physically unstable and especially those who are diagnosed as having psychiatric or psychological problems;

    b.    To adequately and properly create and promulgate guidelines and policies that comply with the requirements of 42 U.S.C. § 1983 regarding the incarceration of prisoners who have threatened self-injury or suicide to ensure that staff can immediately and appropriately respond and act when a prisoner is in distress and has threatened self-injury or suicide;

    c.    To adequately and properly train and supervise correction officers and employees of the OCJ under Defendant's supervision on the proper method of supervising prisoners and providing for their medical needs and on effectively controlling prisoners who have or are suspected to have psychological or psychiatric problems; and

    d.    To avoid hiring or selecting individuals who Defendant knows or should know are incapable of performing their responsibilities or who are likely to misuse or abuse the power conferred on them as employees of the OCJ.

51. Defendant trained its OCJ officials and/or employees and agents in such a reckless and grossly negligent matter, that it was inevitable that the officials would place a suicidal prisoner in a place where he would not be supervised when it was obvious that such a prisoner needed constant supervision.

52. Defendants knew or should have known from the Royal Oak Police Department that Ben contemplated suicide and was suicidal in the past.

53. Notwithstanding Ben's contemplation of suicide and request for help, Defendant repeated and acquiesced in the continued practice of not placing potentially suicidal prisoners, such as Ben under close supervision and acquiesced in the repeated and continued practice of not adequately treating suicidal prisoners in obvious need of treatment.

54. Defendant failed to protect Ben, who was in the care of custody of Oakland County.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, including punitive damages under 42 U.S.C. § 42, in excess of $75,000.00 together with interest, costs and attorney's fees.

## Count II
## 42 U.S.C. § 1983
### Fourteenth Amendment – Deliberate Indifference

55. Plaintiff adopts and incorporates by reference each and every allegation set forth in each preceding paragraph as though fully set forth herein.

56. Section 1 of the Civil Rights Act of 1871, codified as 42 U.S.C. § 1983, established a federal cause of action for constitutional violations inflicted by state actors.

57. Pretrial detainees bring § 1983 claims under the Fourteenth Amendment's Due Process Clause.

58. The government has an obligation to provide medical care to incarcerated persons. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

59. Since jail employees and other state agents are responsible for the care of detainees, allowing them to dodge liability for a failure that results in death is unfair and disincentivizes medically sound and humane treatment of prisoners.

60. Ben Blostein had the right not to have his life-threatening medical needs ignored.

61. Decedent was entitled to all rights, privileges, and immunities accorded to all incarcerated citizens of the State of Michigan and the United States.

62. At all times, Defendants were acting within the course and scope of their employment with Oakland County.

63. Pursuant to the Fourteenth Amendment of the United States Constitution, Ben Blostein had a right to be free from cruel and unusual punishment while incarcerated and under the custody and control of Oakland County.

64. At all times, Defendants, with malice, recklessness, and/or deliberate indifference, kept Ben isolated in a cell without communication, without adequate attention, and without adequate medical care, with the knowledge, or should have known, he was suicidal.

65. The aforementioned combined to cause pain, suffering, deterioration of health, and ultimately the tragic death of Ben.

66. During the time that Ben's health continued to deteriorate, Defendants were required to supervise, monitor, check on Ben and provide adequate medical care for his obvious and serious medical needs.

67. However, to the contrary, Defendants acted with malice, recklessness, and deliberate indifference when they failed to monitor or provide any care necessary to avoid Ben's death.

68. Defendants failed to intervene despite their knowledge of Ben's medical emergency.

69. The actions and/or omissions of the various Defendants constituted a deliberate indifference to the serious medical needs of Ben Blostein.

70. The actions and/or omissions demonstrated a reckless, willful, and wanton disregard for the health and safety of Ben.

71. Ben died as a direct and proximate result of the above cited violations of his civil rights by Defendants.

72. His estate, through Barbara Oppewall, has and will continue to suffer damages in the future, including, but not limited to:

    a. Reasonable funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by Mr. Blostein while he was conscious during the time between his first psychiatric symptoms and his death;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of comfort, society, and companionship;

    g. Compensatory and punitive damages; and

    h. Any and all other damages otherwise recoverable under U.S.C. § 1983 and § 1988.

14
PLAINTIFF'S COMPLAINT FOR DAMAGES
*Oppewall v. Lee, et. al*     Michael L. Jones, Esq.
Case No.: 2:24-cv-12753     Jon R. Marko, Esq.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, including punitive damages under 42 U.S.C. § 42, in excess of $75,000.00 together with interest, costs and attorney's fees.

## COUNT III:
### Gross Negligence

73. Plaintiff, by reference, incorporates the preceding paragraphs as though fully set forth herein.

74. At all times relevant hereto, the individually named officers, deputies, and/or corrections officers acted within the course and scope of their employment with Oakland County.

75. Defendants owed Ben the duty to provide medical care for his serious medical needs.

76. Defendants, acting within the scope of their employment, breached this duty and were grossly negligent as that term is defined in MCL § 691.1407(2)(c), when they acted intentionally and/or with willful and wanton disregard for the health and welfare and safety of the decedent by the actions described above; said acts having been committed intentionally or so recklessly as to demonstrate a substantial lack of concern as to whether injury would result and/or their acts of willful and

wanton misconduct toward Ben and in disregard for his health, safety and constitutional/statutory rights.

77. At all relevant times, Defendants were grossly negligent and/or committed acts of willful and wanton misconduct in one or more of the following ways:

    a. Failure to properly train jail personnel in evaluating whether a detainee needs medical treatment, especially with regard to mental health breakdowns;

    b. Failing to care for the basic needs of detainees and inmates, specifically those of Ben;

    c. Disregarding Ben's obvious signs of deterioration, and objectively serious medical needs;

    d. Failing to timely have Ben evaluated by a doctor;

    e. Failing to timely transfer Ben to the medical ward and/or a hospital who was equipped with dealing with suicidal or mental health patients;

    f. Failing to refrain from acting with gross negligence or deliberate indifference toward or willful disregard of any violation of Ben's constitutional rights;

16
**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Oppewall v. Lee, et. al*     Michael L. Jones, Esq.
Case No.: 2:24-cv-12753     Jon R. Marko, Esq.

    g. Failing to refrain from intentionally denying or delaying access to appropriate medical care;

    h. Any other breaches which become known during discovery.

78. Defendants' conduct was and remains extreme and outrageous, subjecting Defendants to punitive damages.

79. As the direct and proximate result of the above cited violations of Ben's civil rights by Defendants, Ben died and thus his estate, through Barb Opewall has and will continue to suffer damages in the future, including, but not limited to:

    a. Reasonable funeral and burial expenses;

    b. Reasonable compensation for the pain and suffering undergone by Ben while he was conscious during the time between his first symptoms and his death;

    c. Loss of financial support;

    d. Loss of service;

    e. Loss of gifts or other valuable gratuities;

    f. Loss of society and companionship; and

    g. Any and all other damages identified through the course of discovery otherwise available under the Michigan Wrongful Death Act, MCLA § 600.2922.

17
**PLAINTIFF'S COMPLAINT FOR DAMAGES**
*Oppewall v. Lee, et. al*      Michael L. Jones, Esq.
Case No.: 2:24-cv-12753      Jon R. Marko, Esq.

**WHEREFORE,** Plaintiff respectfully requests that this Honorable Court enter judgment in his favor and against Defendant, including punitive damages under 42 U.S.C. § 42, in excess of $75,000.00 together with interest, costs and attorney's fees.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiff, Barbara Oppewall, as Personal Representative of the Estate of Benjamin Blostein, deceased, respectfully requests this Honorable Court to enter judgment in her favor and against Defendants, for whatever sum she is found to be entitled together with costs, interest, and attorney fees.

Respectfully submitted,

/s/ Michael L. Jones
Michael L. Jones (P85223)
**MARKO LAW, PLLC**
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529 / Fax: (313) 470-2011
michael@markolaw.com

Dated: October 17, 2024

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BARBARA OPPEWALL, as the
Personal Representative of the Estate of
BENJAMIN BLOSTEIN,

Case No. 2:24-cv-12753
Hon.

    Plaintiff,

v.

JASON LEE,
MARK MCHALPINE,
ERIC DROPIEWSKI,
JOHN RICHARDSON,
FARRIS, and
OAKLAND COUNTY JAIL, et al.,

    Defendants.

_____

MARKO LAW, PLLC
JONATHAN R. MARKO (P72450)
MICHAEL L. JONES (P85223)
Attorneys for Plaintiff
220 W. Congress, 4th Floor
Detroit, MI 48226
(313) 777-7529
michael@markolaw.com

## JURY DEMAND

    NOW COMES Plaintiff, BARBARA OPPEWALL, as Personal Representative of the ESTATE OF BENJAMIN BLOSTEIN, by and through her

attorneys at MARKO LAW, PLLC, and hereby demand a jury trial in the above-captioned matter.

                              Respectfully submitted,

                              */s/ Michael L. Jones*
                              Michael L. Jones (P85223)
                              **MARKO LAW, PLLC**
                              220 W. Congress, 4th Floor
                              Detroit, MI 48226
                              (313) 777-7529 / Fax: (313) 470-2011
                              michael@markolaw.com

Dated: October 17, 2024

20
**PLAINTIFF'S COMPLAINT FOR DAMAGES**

*Oppewall v. Lee, et. al*                                               Michael L. Jones, Esq.
Case No.: 2:24-cv-12753                                    Jon R. Marko, Esq.